UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JHONY PIERRE,

      Plaintiff,

      v.

STATE OF BOSTON,

      Defendant.

No. 26-cv-11695-JDH

## ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

HEDGES, M.J.

## I.      BACKGROUND

On April 13, 2026, the Court received Jhony Pierre's complaint.  Docket No. 1.[1]   Mr. Pierre brought this action against the "State of Boston," to which I will refer as the "City of Boston."  To prepare his complaint, Mr. Pierre used a form provided by the Administrative Office of the United States Courts for the convenience of *pro se* litigants.[2]  *Id*.  Section III of the form complaint, titled "Statement of Claim," instructs the litigant to write a "short and plain statement of the claim" and "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct."  *Id.* at 4.  Mr. Pierre wrote in that section: "Around 8:30 am of street Boylston at the sitting bench plaza my backpack was taken of the sight of camera view,

---

[1] The Clerk opened a civil action, and the case was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Docket No. 3.

[2] AO Form Pro Se 1 (Rev. 09/16) Complaint for a Civil Case, *available at* https://www.uscourts.gov/forms-rules/forms/complaint-a-civil-case (last visited May 19, 2026). In this Court, *pro se* litigants are not required to use this form unless specifically ordered to do so.

with all my good essentials inside." *Id.* (spelling standardized).  In Section IV of the form complaint, titled "Relief," Mr. Pierre stated: "My backpack is full with good essential things that are very important to me also my jacket was also taken to weather or shelter my body from cold." *Id.*[3]

On May 28, 2026, I issued an order, Docket No. 4, noting that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  That "short and plain" statement must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To "show[] that the [plaintiff] is entitled to relief," the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Id.* at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, the well-pleaded allegations must "sustain recovery under some actionable legal theory." *N.R. by & through S.R. v. Raytheon Co.*, 24 F.4th 740, 746 (1st Cir. 2022) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008)).

In my May 28, 2026 order, I explained that Mr. Pierre's complaint did not allege any facts which would allow the Court to reasonably infer a basis to hold the City of Boston liable for the theft of Mr. Pierre's backpack.  *See* Docket No. 4 at 3.  I stated that if Mr. Pierre wished to proceed with this action, he must file an amended complaint within twenty-eight days, alleging facts to show the City of Boston's liability under a cognizable legal theory.  *Id*.  I advised that failure to

---

[3] On his civil cover sheet, in the field designated for the litigant's "Brief description of cause," Mr. Pierre wrote, "My backpack with good essentials was taken."  Docket No. 1-1 at 1 (spelling standardized).  He also indicates that he seeks $150 million in damages.  *Id.*

file an amended complaint within twenty-eight days would result in my recommendation to a district judge that this action be dismissed.  *Id*. at 4.

The deadline for Mr. Pierre to file an amended complaint has now passed, and he has not done so.

## II.    ORDER

I direct the case to be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

## III.    RECOMMENDATION

Because Mr. Pierre failed to respond to the Court's May 28, 2026 order and amend his complaint, I RECOMMEND that the District Judge DISMISS this action without prejudice.[4]

SO ORDERED.

Dated: July 2, 2026                                 /s/ Jessica D. Hedges
                                                             United States Magistrate Judge

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Santos-Santos v. Torres-Centeno,* 842 F.3d 163, 168 (1st Cir. 2016); *see also Keating v. Sec'y of Health & Human Servs*., 848 F.2d 271, 275 (1st Cir.1988).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b).

3